NELS T. QUIST V. AMERICAN BONDING & TRUST COMPANY
ET AL.

FILED OCTOBER 19, 1905.        No. 13,947.

1. **Liquor License Bond:** ACTION: PLEADING. A petition against a surety upon a liquor license bond that does not allege the granting or issuance of a license does not state a cause of action.
2. **Evidence examined,** and *held* sufficient to require the submission of the question of conspiracy to the jury.

ERROR to the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Reversed in part.*

*H. D. Rhea,* for plaintiff in error.

*J. B. Strode* and *Warrington & Stewart, contra.*

AMES, C.

This is an action to recover damages against retail liquor dealers and the defendant bonding company, as their surety. The petition alleges that in May, 1902, Hutton and Berger were applicants to the board of trustees of the village of Gothenburg for a license to sell liquors for the then ensuing year, and that their application was accompanied by a bond in the form prescribed by the statute, which was executed by them and the surety, and by them delivered to the village authorities. There is no allegation that the bond was accepted by the trustees or that a license was granted or issued, although the petition contains what purports to be a copy of the instrument upon which are indorsements from which, if true, these facts might be inferred. The bonding company filed a separate answer, admitting the execution of the bond and its corporate character and authority to do business in the state, but denying generally every other allegation in the pleading, including, of course, the delivery of the bond and the authenticity of the indorsements. At the beginning of the trial the company objected, separately, that the petition does not state a cause of action against it, and at the conclusion of the trial there was a motion for a peremptory instruction of a verdict in favor of all the defendants, which the court granted, and upon a return of the verdict judgment was entered accordingly. The instrument in question was not offered in evidence, nor was there any proof offered of its delivery to or acceptance by the village authorities or of the granting or issuance of a license. As to the bonding company the instruction and subsequent proceedings were therefore clearly right.

It is not disputed that the defendants Hutton and Berger were engaged during all the then ensuing year in the business of liquor saloon-keepers in the village, and it is alleged in the petition that in April, 1903, while they were so engaged, they entered into a conspiracy with Frank Driscol, George McAully and George Wilkinson unlawfully and wrongfully to assault and beat the plaintiff and that pursuant to said conspiracy, and to the end that the three last named persons might be excited to commit the wrong intended, Hutton and Berger sold and gave them intoxicating liquors, and that while under the influence of said liquors they did commit an assault and battery upon the plaintiff, to recover damages for which this action was brought. It is not disputed that there was a violent and unprovoked assault by the three persons named upon the plaintiff and one George Anderson while the two latter were peacefully walking along the highway. The two were attacked simultaneously, but the plaintiff was struck by Driscol only, while Andrews was assaulted by McAully and Wilkinson. There is evidence that the two latter were seen drinking in the saloon of, and holding whispered conversations with, Hutton and Berger shortly before the commission of the wrongful act, and evidence tending to show that Driscol was intoxicated, and that the motive and object of the conspiracy, if there was one, were to compel the withdrawal of a remonstrance against the granting of a liquor license to Hutton and Berger for the then ensuing year, or to be revenged for the making of such remonstrance. Assuming that there was a conspiracy, Driscol may, if not a party to it, have been its instrument for the perpetration of the wrong complained of, and his principals liable for his conduct. We think these facts are such as required the question of conspiracy between Hutton and Berger and the parties committing the assault to be submitted to the jury, and that the verdict and judgment in their behalf is therefore erroneous.

It is recommended that the judgment as to the Ameri-

can Bonding and Trust Company be affirmed, but as to the defendants Hutton and Berger it be reversed and a new trial granted.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment as to the American Bonding & Trust Company be affirmed, but as to the defendants Hutton and Berger it be reversed and a new trial granted.

JUDGMENT ACCORDINGLY.